JACINTO SANTOS, Plaintiff and Appellant, *v.* CRÉDITO Y AHORRO PONCEÑO ET AL., Defendants and Appellees.

No. 5057. Argued April 3, 1930.—Decided March 13, 1931.

_Antonio L. López_ for appellant.  _Miguel Marcos Morales_ for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Jacinto Santos brought this action against El Crédito & Ahorro Ponceño, hereinafter referred to as the bank, and Benigno Díaz to vacate a summary foreclosure proceeding and sale of certain mortgaged properties for an amount in excess of that secured by the mortgage.

The mortgage was executed by Santos in favor of the bank and of Benigno Díaz upon two parcels of land.  As to the bank it was to secure the payment of $1,132.25 as capital. As to Benigno Díaz it was to secure the payment of $3,668.68, capital and $200 interest at the rate of 12 per cent after maturity in case of default.  It was extended to cover an additional sum of $200 in the event of foreclosure proceedings and in favor of the petitioner or petitioners in such pro-- ceedings.

More specifically, a lien was created upon property (_a_) to secure $2,400 of the capital owing to Díaz, to secure $700 of the capital owing to the bank, and to secure $150 of the amount fixed as attorneys' fees.  Property (_b_) was made liable for $2,268.68 of the capital owing to Díaz, for $50 of the amount designated to cover interest accruing to him, for $432.25 of the capital owing to the bank, and for the remain- ing $50 of the amount named as attorneys' fees in the event of foreclosure.

Following the formal execution of a mortgage as above outlined, there is a paragraph concerning the record of the instrument in the registry of property.  Next comes a para- graph setting forth the legal status of the parties.  Then there is one which provides that the cost of executing and of cancelling the mortgage, and any other expense arising out of such contract shall be for the account of the debtor. In a succeeding paragraph the debtor obligates himself to

re-imburse each of his creditors to the total amount of his debt to each on the day that the mortgage falls due, with the interest that may accrue in the event of default in such payment, "inasmuch as the indebtedness of the bank does not bear interest during the term of the mortgage and the interest on the debt to Díaz has been capitalized to the date of maturity."

In the foreclosure proceeding, the bank sought to recover as amounts secured by the mortgage $1,132.25 as capital, $220.17 interest at 6 per cent from date of maturity of the mortgage to December 31, 1927, $48.80 costs of executing mortgage, copies and record thereof in the registry of property, making a total of $1,401.22, interest thereon from December 31, 1927, until paid, and $200 costs of the foreclosure proceeding.

The question is whether or not the amounts sought to be recovered as interest and expenses incident to the execution and recordation of the instrument were secured by the mortgage. The district court held that they were so secured.

The district judge relied upon Articles 114 and 147 of the Mortgage Law which read as follows:

"Art. 114. A mortgage constituted to secure a credit which earns interest, shall secure with regard to third persons, in addition to the principal, only the interest for the two years last past and that part of the current year which may have accrued.

"Art. 147. A mortgage creditor may proceed against the property mortgaged to recover interest due, no matter at what time the principal is payable; but if there should be a third person interested in said property whom the proceedings might prejudice, the sum demanded can not exceed a sum representing the unpaid interest due for the two years last past and the part due for the current year."

These articles presuppose the existence of a mortgage to secure interest as well as principal. In the case of *Figueroa et al.* v. *Ramírez et al.* 36 P.R.R. 826, (also relied upon by the district judge) there was such a mortgage.

In the instant case the language of the clause whereby the mortgage was created is too plain to admit of construction. The fact that the mortgagor in subsequent paragraphs of the same instrument assumed certain personal obligations cannot operate an extension of the mortgage so as to secure the performance of such obligations, in the absence of any evidence of such an intention. Neither the interest on the indebtedness to the bank nor the money paid by it to the notary and to the registrar of property was included in the mortgage. The foreclosure proceeding was a nullity. This result is not affected by the fact (also pointed out by the trial judge) that in prorating the proceeds of the sale between the bank and Benigno Díaz, the bank, (after acquisition of the mortgaged property) waived its claim to interest and re-imbursement of the money expended in notary and registry fees.

Other grounds of appeal need not be considered.

The judgment appealed from must be reversed and in lieu thereof, the judgment of this court will be entered for plaintiff.